CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
for Danielle
DEC 19 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| DORAREEN THOMPSON, | CASE NO. 4:05CV00024 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, | By: B. Waugh Crigler |
| Commissioner of Social Security, | U. S. Magistrate Judge |
| Defendant. | |

This challenge to a final decision of the Commissioner which denied plaintiff's July 5, 2002 applications for a period of disability, disability insurance benefits and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423 and 1381 *et seq.*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render a report to the presiding District Judge setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will recommend that an order enter remanding the case for further proceedings.

This decision was issued after the Appeals Council had vacated a prior decision and remanded the case for further proceedings. At a supplemental hearing held on October 13, 2004, an Administrative Law Judge (Law Judge) found that plaintiff, who was 40 years old at that time with an alleged disability onset commencing in December 2001, was insured for disability benefits through the date of his decision. (R. 23.) The Law Judge further found that plaintiff, whose past relevant work was as a Certified Nursing Assistant (CNA) or care giver, suffered a severe impairment or combination of impairments which the Law Judge identified as degenerative joint

disease of the spine, fibromyalgia, sleep apnea, an anxiety disorder and a depressive disorder. (R. 24, 29.)[1] The Law Judge was of the view that none of plaintiff's impairments, alone or in combination, met or equaled any listed impairment, though he did find that plaintiff was unable to perform her past relevant medium exertional work as a CNA and care giver. (R. 27, 29.) Based on his view of the medical record and the evidence relating to plaintiff's daily activities, the Law Judge was of the view that plaintiff's testimony relating to her limitations was not totally credible and that she possessed the residual functional capacity "to perform sedentary work that is simple, routine and repetitive and would not require her to lift more than 10 pounds or stand and walk for longer than two hours in an eight hour day." (R. 27.) By application of the Medical-Vocational Guidelines (grids) as a framework, and by reference to some of the evidence offered by a vocational expert (VE), the Law Judge found that jobs existed for the plaintiff in the economy. (R. 28.) Accordingly, plaintiff was determined not to be disabled under the Act.

While the case was on administrative appeal from the second denial of plaintiff's claim by the Law Judge, her attorney submitted additional evidence from Teresa Moore, M.D. and Ronald L. Haney, M.D., two of plaintiff's treating sources. (R. 560-568.) Dr. Haney opined that plaintiff was not able to work and was "permanently disabled." (R. 560.) Dr. Moore opined that plaintiff was "totally and permanently disabled an [sic] is not able to work on a consistent and reliable basis at any ususal job." (R. 561.) Also submitted with Dr. Moore's report were detailed evaluations by Ellen Hudgins, OTPL, concerning impairments of plaintiff's lumbar and cervical spine as well as her two upper extremities. (R. 562-568.) The Council initially denied review on March 29, 2005, but then set aside that denial by action taken on April 15, 2005. (R. 12.) Nevertheless, in its April

---

[1] In the body of his decision, the Law Judge also found that plaintiff suffers "documented polyneuropathy in her lower extremities." (R. 27.)

2

15, 2005 action, the Council informed plaintiff that after considering the evidence offered, it "found no reason" to review the Law Judge's decision. (R. 9.) Thus, the Council denied review and adopted the Law Judge's decision as a final decision by the Commissioner. This action ensued.

In plaintiff's Memorandum supporting her motion for summary judgment or remand, which incidently provides the court with considerable details concerning the procedural history of the claim and the evidence contained in the record, plaintiff focuses mainly on the Law Judge's determination of her residual functional capacity. Plaintiff believes that the decision to place more weight on portions of the evidence offered by DDS record consultants, almost to the exclusion of the evidence offered by plaintiff's treating mental and physical health care providers, cannot be supported by the substantial evidence in the entire record. If plaintiff's evidence had been given such credit, plaintiff contends that the vocational evidence would compel a finding that she is disabled, rather than not disabled under the Act.

The Commissioner, likewise, summarizes considerable portions of the record evidence but, of course, in support of an opposite conclusion from that offered by plaintiff. First, the Commissioner believes the DDS consulting medical evidence and the report of plaintiff's daily activities constitute substantial evidence to support the Law Judge's finding concerning plaintiff's residual functional capacity. The Commissioner relies on this evidence also to underpin her contention that plaintiff failed to meet what she characterizes as the "strict standard" of proof under the Act to show plaintiff's inability to engage in any substantial gainful activity. (Def.'s Memorandum at 12.) The Commissioner offers that the Law Judge gave plaintiff "every benefit of the doubt" in determining her work-related capacity, which, in turn, provided the very basis for later questions posed to the VE upon which the VE opined that jobs were available to a person with that

3

residual functional capacity. The Commissioner seeks affirmation of her decision, entry of judgment in her favor and dismissal of the action.

The Commissioner regulatorily is granted some latitude in resolving inconsistencies in evidence and the court reviews the Law Judge's factual determinations only for clear error. 20 C.F.R. §§ 404.1527 and 416.927; *see Estep v. Richardson*, 459 F.2d 1015, 1017 (4th Cir. 1972). If the Law Judge's resolution of the conflicts in the evidence is supported by substantial evidence, then the Commissioner's final decision must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). However, whether substantial evidence supports the Commissioner's decision and whether the correct legal standards were applied are questions of law. *See* 42 U.S.C.A. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

With this in mind, a Law Judge may not reject a claimant's statements about the intensity of subjective symptoms, such as pain, "solely because the available objective medical evidence does not substantiate [plaintiff's] statements." 20 C.F.R.§§ 404.1529(c)(2) and 416.929(c)(2). No objective evidence of the symptom itself is required, but objective medical evidence must exist of a medically determinable impairment which could reasonably be expected to produce the symptom alleged. 20 C.F.R. §§ 404.1529(a)-(b) and 416.929(a)-(b); *see Craig v. Chater*, 76 F.3d 585, 591 (4th Cir. 1996); *Foster v. Heckler*, 780 F.2d 1125, 1129 (4th Cir. 1986). In making a determination of a claimant's credibility, or of a claimant's work-related capacity, which decisions are committed to the administrative fact finder, the Law Judge regulatorily is required to give controlling weight to the evidence offered by treating sources unless there is substantial evidence to the contrary. 20 C.F.R. §§ 404.1527(d) and 416.927(d). Should the Law Judge elect not to give controlling weight to treating source evidence controlling weight in favor of non-treating or non-examining state

4

agency consultants, the Law Judge must provide an explanation and give the reasons for doing so. 20 C.F.R. §§ 404.1527(f)(ii) and 416.927(f)(ii).

Furthermore, where the claimant has proved an inability to perform his/her past relevant work, the Law Judge is then charged under the regulations with determining the claimant's residual functional capacity. 20 C.F.R. §§ 404.1545-1546 and 416.945-946. At this level of the sequential analysis, the burden of production shifts to the Commissioner to come forward with evidence that alternate gainful activity is available in significant numbers to the claimant. 20 C.F.R. §§ 404.1520 and 416.920. Should non-exertional limitations be present, the Commissioner is not permitted to discharge that burden by relying on the grids, but instead, she must present vocational evidence. 20 C.F.R. §§ 404.1569 and 416.969, Appendix II, § 200.00(e). In turn, for that vocational evidence to be relevant, the Law Judge must properly pose questions to the VE which include all of plaintiff's impairments and their effects which are shown by the substantial evidence. *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). Otherwise, the Commissioner will not be seen has having discharged her sequential burden.

New evidence presented to the Appeals Council also may provide a basis for a reviewing court either to reverse the agency decision or remand the case for further proceedings. Where the Council fails to make specific findings of fact regarding that evidence, and where the evidence does not otherwise compel a court to enter judgment as a matter of law on the record before it, thus rendering the purpose of a remand unnecessary, the better practice is for a reviewing court to send the case back for further proceedings in order to give the Commissioner an opportunity to make findings of fact that can be meaningfully assessed under 42 U.S.C. § 405(g). *Riley v. Apfel*, 88 F. Supp. 2d 572 (W.D. Va. 2000).

5

This case is interesting in that the same Law Judge initially found that plaintiff possessed the residual capacity for light work, and that she was not disabled from her past relevant work. (R. 25, 43, 45.) Upon further proceedings after a remand by the Appeals Council, and based on the presentation of additional evidence relating to both plaintiff's physical maladies and her mental status, the Law Judge noted that he was giving plaintiff what he characterized as "significant accommodation to the claimant's subjective complaints" and determined that she possessed the residual functional capacity for less than a full range, but nevertheless a significant range of sedentary work. (R. 27.) Such work would be limited to routine/repetitive tasks which would not require lifting more than 10 pounds or standing/walking for longer than two hours in an eight hour workday. (*Id.*) In arriving at his conclusion this second time around, the Law Judge acknowledged the results of MRI and nerve conduction studies performed in 2004 which showed a lumbar herniation as well as a polyneuropathy in both lower extremities. (R. 25-26.)[2] However, the Law Judge revealed that evidence from plaintiff's treating or examining sources, namely Teresa Moore, M.D., Stephen M. Fiore, M.D. and Daniel Kessler, Psy.D., when coupled with State Agency consultative assessments, supported a conclusion the plaintiff had the residual capacity for less than a full range, but nevertheless a significant range of sedentary work. (R. 391-393, 416-419, 524, 525-527.) Of course, if the Law Judge's determination of plaintiff's residual functional capacity is supported by substantial evidence, then the VE's testimony that jobs are available to a person with those limitations certainly provides the sustainable basis for the denial of benefits.

---

[2]There is little question in the record, and the Law Judge concluded, that plaintiff suffers a combination of severe impairments. (R. 29, Finding No. 3.) On the other hand, there is very little, if any, discussion in the Law Judge's decision about the synergistic effects of that combination of impairments. *See DeLoatche v. Heckler*, 715 F.2d 148 (4th Cir. 1983).

6

There can be no debate on this record that plaintiff suffers the very kind of anatomical impairments likely to produce the symptoms she mentioned in her testimony, and she has experienced circumstances which could explain her current diagnosed mental status. If the Law Judge's decision depended entirely on state agency consultative evidence, it is the undersigned's view that it would be wanting because the reports from those physicians were little more than conclusory statements of opinion which would not be sufficient to counter the views of the treating doctors under the Commissioner's regulations. Moreover, the activities she reported to the State Agency and the Law Judge do not necessarily demonstrate, in the undersigned's view, an ability to perform tasks in a competitive work environment. Nevertheless, as the Law Judge noted, the extant evidence before him from plaintiff's own treating and examining sources could be read to reveal an underlying ability to perform a significant range of sedentary work. Thus, when coupled with the vocational testimony, an administrative fact finder could conclude that jobs were available.

Now that leaves three questions for consideration. The first is whether the additional evidence offered to the Appeals Council after the Law Judge decided the case this last time was new and material, and second, whether it reasonably could have affected the Law Judge's decision had it been before him in the first instance. If so, then the third question would be whether the Appeals Council gave an explanation for rejecting it which met the *Riley* standard.

The Commissioner suggests in her brief that plaintiff's assertions concerning the limitations on her ability to perform various activities was not consistent with those shown in her daily activities report, with that which was recommended by treating sources, like Dr. Moore, or with that observed in Dr. Fiore's office on a single occasion on September 7, 2004. A fair reading of Dr. Moore's evidence offered on administrative appeal, however, reasonably could cast doubt on the propriety of the Law Judge's inferences drawn from the medical evidence and his eventual
7

interpretation of that evidence based on those inferences. In other words, reasonably could read the additional evidence as suggesting that just because plaintiff's treating sources may have recommended that she increase her activity levels, this did not mean she was able to sustain any, much less gainful, work in a competitive environment. Furthermore, the fact plaintiff was observed on a single occasion moving "around the room without any sign of significant pain" is not enough, alone and without further explanation, to consider her able to perform work related activities. Actually this evidence raises as many questions about plaintiff's functional ability as it answers because the circumstances under which the observations were made in the examining room are never fully revealed in the record. This is to say that Dr. Fiore's note of September 7, 2004 is more closely akin to a "sit and squirm" observation than to any kind of substantively meaningful evidence particularly because the note fails to provide sufficient context from which any reasonable conclusion can be drawn about plaintiff's residual work-related capacity. *See Lewis v. Bowen*, 823 F. 2d 813, 816 (4th Cir. 1987).

That being said, the Appeals Council also appears to have given the evidence offered rather laconic consideration. Its explanation of why the evidence was rejected provides no greater detail than the Council provided in *Riley*. Therefore, it seems to the undersigned that good cause exists to remand the case for further proceedings to require full and fair consideration of this and all the evidence in light of what has been said above.

Therefore, the undersigned, RECOMMENDS that an order enter REMANDING for further proceedings. The order should provide that in the event the Commissioner is not able to award benefits on the current record, she is to recommit the case to a Law Judge for further proceedings at which both sides may present additional evidence.

The Clerk is directed to immediately transmit the record in this case to the presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C.A. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

DATE: 12-19-05